Nicholas v. Oliver.

## NICHOLAS *v.* OLIVER.

The indorsement of a promissory note, payable to an insurance company, made in the form, " W. E., A. Sec'ty," is to be considered the indorsement of the company, if nothing further appear to indicate that it was intended as the indorsement of some other party. Under the 43d rule of practice, the indorsement of a note in that form, specially declared on as indorsed by the payees by their agent, W. E., thereto authorized in an action by the indorsee against the maker, is so far admitted by the neglect of the defendant to enter a denial of it upon the record, at the first term, that the plaintiff is not required to prove either the genuineness of the hand writing in the indorsement, nor the authority of the party making it.

Nicholas *v.* Oliver.

Proof of the acts and proceedings of the president and directors of the company, from which it may be inferred that the assistant secretary was authorized to indorse the notes of the company, is competent evidence of such authority.

ASSUMPSIT upon a promissory note, signed by the defendant, payable to the Protection Insurance Company of New-Jersey, or order. The declaration alleged that the note was signed by the defendant, on the day of its date, and that "the said Protection Insurance Company of New-Jersey thereafterwards, on the same, day, by W. Earl, who was then and there duly authorized and empowered by said company to indorse said note for the company, indorsed and delivered the same to the plaintiff," &c.

There was no denial of the signature or indorsement entered upon the docket.

The note produced was indorsed, "W. Earl, A. Sec'ty." The plaintiff read in evidence the deposition of a witness, who testified, on his direct examination, that the plaintiff was a discount broker in the city of New-York, and as such discounted the note on behalf of the payees, prior to its maturity; that it was indorsed and delivered to him for a valuable consideration paid by him for it; that W. Earl was the financial secretary of the company, and had authority to negotiate the paper belonging to the company, and to indorse and transfer the same. On cross-examination the witness was asked whether he knew by what authority W. Earl transacted the affairs of the company and negotiated its paper; to which he replied, that he, the witness, was present at various meetings of the directors of the company, at which Earl was requested and authorized to take upon himself the transaction of their financial business; that he was also present when Earl did in fact transfer, by his indorsement, the promissory note payable to the company, in the presence of the president and several of the directors, and with their sanction; that he could not say whether or not there was a vote or recorded resolution of the company, authorizing Earl so to act; that he never knew of any such, but, so far as he knew, the acts of Earl, as secretary, in the transaction of such business, were never called in question by the company or its officers; and that he, Earl,

was the assistant secretary of the company, and had the care of this branch of the business.

Upon this evidence the plaintiff rested his case.

The defendant moved for a nonsuit, on the ground that there was no evidence of a valid indorsement of the note by the payees. The court granted the motion, and ordered a nonsuit, which the plaintiff moves to set aside.

*Emery*, for the plaintiff.

1. The indorsement is in form sufficient to render it the indorsement of the company.  9 Mass. 335; 1 Cowen 513; 8 Cowen 31; 3 Wend. 94; 17 Wend. 40; 12 N. H. 207, 229.

2. The note, being specially declared on, and the signature and indorsement not denied upon the record, they must be considered as admitted, under the 43d rule of practice.  The admission under the rule extends to the genuineness of the signature, and the authority of the person making it.  *Williams* v. *Gilchrist*, 11 N. H. 535.

3. But if not admitted under the rule, the authority of Earl is proved by the facts and circumstances testified to by the witness, from which the jury would have been bound to infer the authority.

*Hatch*, for the defendant.

1. The note was not in form indorsed by the payees.  The declaration does not even allege such indorsement.  3 Kent's Com. 89; Story on Agency 137, 144–148, (secs. 157, 160;) *Barker* v. *Mech. Ins. Co.*, 3 Wend. 94.

2. There is nothing in the case to show that Earl was authorized to indorse the note.  14 Mass. 178; 17 Mass. 1 and 97; 12 N. H. 204; 3 Foster (23 N. H.) 555; 2 Cranch 127; 4 Mass. 595; 8 N. H. 31.

3. It was not necessary for the defendant to deny the signature of Earl upon the docket, under the rule.  The signature, so far as relates to the hand writing, is admitted.  The authority to make it and the effect of it are the matters in issue.

SAWYER, J.   The object of the 43d rule of practice, which requires the defendant, who proposes to contest the signature or indorsement of an instrument declared on, to make denial of it upon the record at the first term, is to relieve the plaintiff from the necessity of furnishing himself, in those cases where it is not the matter in controversy, with evidence to the jury, upon a question of fact involved in every case founded upon such instrument, but which, in a very large proportion of those cases, is not the real matter in dispute.   The rule, therefore, declares that the signature and indorsement shall be considered as admitted, unless so denied at the first term.   Such being the object of the rule, it is obvious that any question relating to the sufficiency of the signature or indorsement, not depending upon matter of fact, to be passed upon by the jury, but to be determined by the court upon an examination of the instrument itself, does not come within the operation of the rule.   Of this character are questions relating to the form and manner of the signature or indorsement, as in *Despatch Line of Packets* v. *Bellamy Company*, 12 N. H. 205, where the question was whether the signature of a note, commencing " I promise to pay," and signed, " A. B., Agent of Bellamy Company," was or not in that form the signature of that company.

The first question presented by this case is of that character, namely, was the indorsement in such form that it may be regarded as the indorsement of the Protection Insurance Company — the payees ? and the question is to be decided, not by reference to the rule of court, but, irrespective of it, by an inspection of the note itself.   The indorsement is in the form, " W. Earle, A. Sec'ty"   Considered by itself, and disconnected from the note, it could only be understood that in so writing the party was acting, not for himself personally, but in an official capacity, and there would be nothing in it to indicate for whom he was acting.   But the indorsement is to be viewed in connection with what appears upon the face of the note on which it is found.   Thus considered, it would be understood as an order to pay the note by one acting, in making the order, for the party who on its face

had the right to order payment. How it might be regarded if there appeared upon the note other parties, as indorsees, for whom the person so making the indorsement might as well be supposed to be acting as for the payees, it is unnecessary to consider. Here are only the maker, the payees, bearing a corporate name, and one acting as indorser by the name and in the capacity of acting or assistant secretary for some other party than himself. In the case of *Despatch Line of Packets* v. *Bellamy Company*, it was held that the signature, " A. B., Agent Bellamy Co.," was sufficient in form to make it the signature of the company ; it being apparent that such was the intention. If here the indorsement had been, " W. Earle, A. Sec'ty Protection In. Co.," no question could have arisen as to what was intended ; and we think the intention is quite as apparent that the indorsement was for and in behalf of the payees, as if it had indicated them in that mode. This is the usual form of indorsement by cashiers of banks and treasurers of money institutions, and is well understood among commercial men. There would seem to be no good reason for holding it to be insufficient ; and we think an indorsement in this form must be regarded as sufficient, whenever there is no doubt as to the party for whom it is intended to be made. But although well enough in form, the indorsement may be contested on other grounds, involving enquiries of fact. Thus it may be denied, and evidence upon that point may be adduced to the jury, that the signature of Earl in the indorsement is genuine, or, if genuine, that he had authority to act for the party whose indorsement it purports to be, in making it. These questions, in the view in which I am now considering them, are of the same character, each being a question for the jury, to be sustained by the plaintiff in order to maintain his case, and each going to the validity of the indorsement as such. The allegation of the writ is that the payees — the Protection Insurance Company — indorsed and delivered the note to the plaintiff by W. Earl, he being thereunto duly authorized. This embraces an averment, both of the genuineness of Earl's signature to the indorsement, and of his authority to make

Nicholas *v*. Oliver.

it in behalf of the payees, and both are essential to the plaintiff's case.   Without the aid of the rule, he would be required to be prepared with proof to the jury, on both points, in order to make out an indorsement, and thus maintain his case.   Under the rule, the failure of the defendant to enter the denial at the first · term was an admission of the validity of the indorsement as such, on both points, as alleged in the declaration, and relieved him from the necessity of producing proof to the jury upon either. In *Williams* v. *Gilchrist*, 11 N. H. 535, it was held that the rule applied as well to the competency of the authority as to the genuineness of the hand-writing.   The operation of the rule is not, however, to conclude the defendant upon either point.  It merely supplies to the plaintiff the evidence which, without it, he would be required to adduce in support of his case upon those points, before the other party could be put upon his defence, and this is all.   The omission to enter the denial is not an admission as of record, by which the defendant is to be barred from introducing evidence to negative the genuineness of the hand-writing or the competency of the authority.   The want of the denial under the rule is only *primâ facie* evidence in favor of the plaintiff, in support of each of those points.

Under this view the nonsuit was improperly ordered.   The evidence introduced by the plaintiff, to show the authority of Earl, was not required to maintain his case.   The question raised by the case, whether that evidence is sufficient to be submitted to a jury to prove the authority, would seem to be immaterial. The evidence must have been admitted upon the view that the rule has no application to the case of a denial of the signature or indorsement, on the ground of a want of authority to make it.

But if this were the true construction of the rule, the court, nevertheless, erred in ordering the nonsuit upon that evidence. The vote or resolution of a corporation, appointing an agent, need not be entered on their minutes or records, unless the charter or by-laws render it essential, and this is not to be presumed.   An. & Am. on Corp. 269.   The vote of appointment may, therefore, be implied, as in the case of the appointment of an agent by a

natural person. *Bank* v. *Dandridge,* 12 Wheat. 83, and authorities cited in An. & Am. on Corp. 270, n. 1.

In *Bank* v. *Dandridge, Story,* J., says, the same presumptions are applicable to corporations as natural persons. Persons acting publicly, as officers of the corporation, are to be presumed rightfully in office. If one acts notoriously as cashier of a bank, and is recognized by the corporation or its directors as an existing officer, a regular appointment will be presumed. In short, the acts of artificial persons afford the same presumptions as the acts of natural persons.

The same principles are recognized in *Despatch Line of Packets* v. *Bellamy Company,* and in *Glidden* v. *Unity,* 33 N. H. 571. From the deposition introduced by the plaintiff it appeared that Earl was recognized by the officers of the company as having authority to negotiate their personal securities and manage their financial affairs. From the facts stated in the deposition, the inference is just and reasonable, that he had authority to negotiate the note in suit in behalf of the company. The nonsuit being improperly ordered, upon either of the grounds presented by the case, must be set aside, and the cause stand for trial in the court of Common Pleas.